*In re* OPENING OF ELMHURST AVENUE.

CITY OF DETROIT *v.* DETROIT LUMBER CO.

1. EMINENT DOMAIN — COMMERCIAL CORPORATION ENTITLED TO AWARD OF COST OF CONSTRUCTION AND MAINTENANCE OF CROSSING OVER SIDE TRACK.

In condemnation proceedings by a city to open a street across land owned by a terminal railroad company, upon which a side track is maintained by a lumber company pursuant to a contract with the railroad company, the lumber company is entitled to compensation for the cost of construction and maintenance of a crossing over said side track.[1]

2. SAME—DAMAGES NOT TOO SPECULATIVE BECAUSE SIDE TRACK MAY BE ABANDONED.

That the contract between the lumber company and the terminal railroad company permits its cancellation upon notice, *held*, not to render the lumber company's damages too speculative to justify an award.[2]

[1]Eminent Domain, 20 C. J. § 197; [2]Id., 20 C. J. § 226.
On necessity of making compensation, and measure thereof, upon laying out street across railway property, see note in 24 L. R. A. (N. S.) 1126.

Appeal from recorder's court of Detroit; Jeffries (Edward J.), J. Submitted April 16, 1925. (Docket No. 93.) Decided July 16, 1925.

Condemnation proceedings by the city of Detroit against the Detroit Lumber Company for the opening of a street. Judgment for plaintiff., Defendant appeals. Reversed and remanded.

*Elmer R. Milburn* and *Prewitt Semmes,* for appellant.

*Charles P. O'Neil,* Corporation Counsel, and *John R. Watkins,* Assistant Corporation Counsel, for appellee.

FELLOWS, J. The street proposed to be opened in these proceedings crosses lands owned by Detroit Lumber Company; it also crosses the right of way of the Detroit Terminal Railroad upon which is located a side track owned by the lumber company. The parties agreed upon the value of the land of the lumber company taken for the street and the jury awarded the sum agreed upon. The amount of the cost of construction and maintenance of the crossing of the track of the terminal company was also agreed upon, and this sum was likewise allowed by the jury. The amount of the cost of construction and maintenance of the crossing of the sidetrack owned by the lumber company was also agreed upon but the jury disallowed any sum for this element either to the lumber company or to the terminal company, although instructed by the trial judge to make an allowance. The lumber company here reviews the disallowance of this one item.

We need not consider the statutory or municipal regulations having reference to highway and street crossings as both parties agree that the work of constructing and maintaining such crossing must be done by either the terminal company or the lumber com-

pany.   We think under the contract between these companies such expense falls on the lumber company. No statutory or charter provision is called to our attention for reimbursement of this expense by the city.   Unless an award is here made such expense must be borne by the lumber company.   The lumber company insists that unless it is now compensated for such expense its property will be taken without just compensation.   Under the holdings of this court, if the terminal company had been the owner of this track and had been the only defendant, it would have been entitled to compensation for the imposition upon it of the expense of construction and maintenance of the crossing.   In *City of Grand Rapids* v. *Railroad Co.,* 58 Mich. 641, it was said by Chief Justice CAMPBELL, speaking for the court:

"The damage done to a railroad by having a highway run across it must necessarily include all the additional expense entailed by such a crossing, which in a city may involve a considerable outlay in making the crossing safe, and providing guards against accident. Under the Constitution there must be just compensation, and this cannot be denied by law or by verdict."

See, also, *Chicago, etc., R. Co.* v. *Hough,* 61 Mich. 507; *City of Grand Rapids* v. *Railroad Co.,* 66 Mich. 42; *Commissioners of Parks & Boulevards* v. *Railroad Co.,* 90 Mich. 385; *Village of Plymouth* v. *Railroad Co.,* 139 Mich. 347.

That which is just compensation to a utility corporation is just compensation to a commercial corporation similarly situated.   If the public utility is entitled to compensation for the cost of construction and maintenance of the crossing, then a commercial corporation upon whom is cast the burden of construction and maintenance of the crossing is likewise entitled to compensation.   It was said by Chief Justice GRAVES in *People* v. *Railway Co.,* 52 Mich. 277:

"The sacredness of property does not depend on

whether the proprietor is a natural person or an artificial person. Nor does it depend on whether the property itself consists of land, or shops, or warehouses, or railroads, or cars, or corporate stock. Whether property interests are in farms, or in buildings, or in cheese factory associations, or in other corporate industries, or in some other lawful form, the fundamental rights of ownership are exactly the same."

But it is said the contract between the lumber company and the terminal company permitted its cancellation upon notice and that this rendered the lumber company's damages too speculative to justify an award. The lumber company operates an extensive lumber yard; the siding was put in and the portion here involved paid for by the lumber company to facilitate its business; it is advantageous to both the terminal company and the lumber company and other portions of it will eventually be paid for by the terminal company. It is true that the time may come when the lumber company may no longer have use for this side track, it may be abandoned by it, or the terminal company may cease to function, or the lumber company may go out of business. Any one or all of these things may happen at some time in the future. But this does not make the defendant's damages so speculative and conjectural as to deprive it of the right to them or to justify the public in taking its property without just compensation.

The judgment will be set aside and the case remanded for another inquest. Defendant will have costs of this court.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.