STATE HIGHWAY COMMISSIONER *v.* FLANDERS.

SAME *v.* ENGLISH.

1. Eminent Domain—Appeal and Error—Questions Reviewable —Release—Contract.

   Highway commissioner's contention, in appeal from a condemnation award of $15,200 for the taking of a portion of farm and residence, that a 1931 easement release under the terms of which the commission agreed to move the residence at its expense if moving were necessary was not applicable to the 1963 condemnation, and that the release constitutes an option to the commission rather than a contract may not raised on appeal, where the commissioner failed to present the argument below.

2. Same—Instructions—Measure of Damages—Before and After Test—Constitutional Test—Just Compensation.

   Highway commissioner's contention that the trial court erred in instructing commissioners in a highway condemnation action on any measure of damages other than the difference in value

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545; 27 Am Jur 2d, Eminent Domain § 471.
[2, 9] 27 Am Jur 2d, Eminent Domain §§ 266, 279, 418.
[3] 27 Am Jur 2d, Eminent Domain §§ 421–423, 426, 427.
[4] 27 Am Jur 2d, Eminent Domain §§ 266, 279.
[5] 27 Am Jur 2d, Eminent Domain § 427.
[6] 27 Am Jur 2d, Eminent Domain §§ 406, 407, 409, 412, 413, 415, 419, 423, 443, 444.
[7] 27 Am Jur 2d, Eminent Domain §§ 449–452, 471.
[8] 27 Am Jur 2d, Eminent Domain §§ 266, 279, 406.
[10] 27 Am Jur 2d, Eminent Domain §§ 269, 310, 311.

of the property before and after the taking *held,* without merit, as after all the various formulas concerning the measure of damages in a condemnation proceeding are done with, the constitutional test of "just compensation" remains the final criterion (Const 1908, art 13, § 1).

3. SAME — MEASURE OF DAMAGES — SPECIAL DAMAGES — EVIDENCE — TREES — ACCESS.

A condemnation commission may take testimony concerning special items of damage such as loss of valuable trees or evidence tending to show that a taking has left the remaining portion of property inaccessible or undesirable.

4. SAME—MEASURE OF DAMAGES—DISCRETION OF COURT.

The measure of damages in a condemnation case is not a matter of formulas or artificial rules, but of sound judgment and discretion based upon a consideration of all the relevant facts in a particular case.

5. SAME—COMMISSIONERS—CREDIBILITY OF WITNESSES.

Commissioners in a condemnation case are the judges of the credibility of the witnesses and of the truthfulness of their statements.

6. SAME—COMMISSIONERS—FUNCTION—FINAL DETERMINATION.

Commissioners in a condemnation case hear the testimony, examine the property, consider the estimates placed upon the damages which should be awarded, and make a final determination.

7. SAME—DAMAGES—APPEAL AND ERROR—EVIDENCE.

Determination of damages by commissioners in a condemnation is final and the Court of Appeals will not disturb it so long as it is within the fair range of testimony and of the facts which they may have learned in examining the property.

8. SAME—DAMAGES—COURT OF APPEALS—FORMULAS—METHODS.

The Court of Appeals may not set up a formula or dictate the method which must be followed by a condemnation commission in its determination of damages.

9. SAME—APPEAL AND ERROR—INSTRUCTION—COMPETING TESTS.

Trial court's instructions to commission in a condemnation proceeding which accurately explained competing tests as to the measure of damages and left the choice to the commissioners as to which test should apply, *held,* proper.

10. Same—Award—Damages—Breach of Contract—Moving of Buildings.

> Damages to property remaining after a partial taking by State highway commissioner, which arose by virtue of breach of contract made with the State with respect to an earlier condemnation of a smaller portion and related to moving of buildings on portion taken, were properly included in award made by condemnation commissioners.

Appeal from Alpena; Glennie (Philip J.), J. Submitted Division 3 October 7, 1966, at Grand Rapids. (Docket Nos. 956, 959.) Decided January 10, 1967.

Condemnation petition on behalf of the State Highway Commissioner against George Fremont Flanders and Mary E. Flanders and against Pearl English. Awards of condemnation confirmed. Petitioner appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, and *Thomas D. Stone,* Special Assistant Attorney General, on behalf of the State Highway Commission.

*Isackson & Beaudry* (*Robert W. Beaudry,* of counsel), for defendants Flanders.

*Donald K. Gillard* (*Richard E. Meden,* of counsel), for defendant English.

Fitzgerald, J. *1.* In order to widen and improve highway M–32 in Alpena county, it became necessary for the State highway commission to take a portion of the Flanders' 113-acre farm.

The actual taking on December 9, 1963, involved 1.2 acres of frontage and 25 feet of the front of appellees' house. Under a prior right-of-way re-

lease agreement signed in 1931, the State had already purchased an easement involving 7/10 of an acre of the property in question. In the 1931 release it was agreed that if it should become necessary in the opinion of the highway commissioner to move the house, it would be moved south at no expense to the landowner. Although some 25 feet of the house remained after the 1963 taking, the State refused to move the house and bulldozed it down to make way for the widened road.

The State offered expert testimony to show that the value of the whole farm before the taking was $17,350 and that the value of the remainder after the taking was $11,900. The contention was that the difference of $5,450 should be the full amount of the award.

Appellees submitted their claim for compensation on the basis of two alternative theories:

(1) That they should be paid the cost of moving the house at a figure of $6,940, plus excavations, landscaping and barn moving at $7,876.72 for a total of $14,816.72. The highway department, however, bulldozed the house down, which would require appellees to build a new house which added extra costs of $1,700 for a total of $16,576.72.

(2) That they were entitled to the value of the house taken at $6,900 plus costs as before for landscaping, moving barn, et cetera, in the amount of $9,576.72, for a total of $16,476.72.

The commissioners granted an award of compensation of $15,200, which award was confirmed by the trial court.

Before the condemnation commissioners, the highway commission objected to the introduction of the 1931 agreement into evidence on the ground that the commission was not a proper body to adjudicate contract rights. In the highway commission's

proposed instructions, it was argued that the court must instruct the commissioners to disregard the 1931 agreement. This the court did not do.

In order to set the scene for this appeal, we quote from the trial court which advised the commissioners as follows:

"In the case of a partial taking of land, using as an example of that, parcel C–38, the George and Mary Flanders property, where the house and the yard was taken, but the remainder of the farm was left, there are two formulas or methods often used or followed in determining the compensation to be awarded:

"One method of evaluation is called the 'before and after' method. In this case the market value of the property before the taking is determined, and then the market value of the property after the taking is determined. The difference between these two valuations is the amount of damages to be awarded.

"Another equally acceptable method of valuation is to determine the value of the property taken, and also to determine the damage to the remainder of the land by the taking. The total of these two forms is the amount of compensation to be awarded.

"Where only part of a parcel of land is taken by condemnation, just compensation is not measured by proportionate acreage, but by the amount to which the property from which it is taken is allowed as direct compensation. But the decreased value of the residue on account of the use of the property taken is also allowable as compensation, even though the damage is strictly consequential in nature. * * *

"Now, referring to the Flanders matter: It is the claim of the property owners, George and Mary Flanders, owners of parcel C–38, that the property included in the taking includes their house and yard, injuries to their remaining lands and buildings, and also the taking or violations of a contractual obligation owed to them by the State of Michigan.

"Now, the claimed contractual right arises from a previous right-of-way purchase agreement dated May 23, 1931, recorded November 23, 1961, in the Alpena register of deeds office, and in this agreement the State of Michigan agreed to place tile in front of the dwelling instead of open ditch, and agreed if it was found necessary to move the house south of its present location, it would be moved without expense to the property owner, and would be left in as good condition as previous to moving.

"With respect to this matter I charge you that such a contractual right, that is, an agreement arising from a contract whereby a person or the State of Michigan agrees to do something, or agrees to perform future benefit of certain property owners, or for the benefit of a piece of property, cannot be taken without awarding just compensation in exchange therefor.

"When contract rights are taken for public use, there is a constitutional right to compensation in the same manner as when other property rights are taken. In other words, the State may, if it sees fit, rescind its contract, but it can do so only by the exercise of the power of eminent domain, and such rescission or failure by the State to act in the manner called for by the contract is a taking of property in the constitutional sense, and for such taking the State is obliged to pay in award for damages for compensation for the breach of contract.

"Now the proper method of awarding compensation for such a taking would be the cost of doing those things which the State by contract had agreed to do."

The State claimed appeal from the $15,200 award, asking that confirmation be set aside and a new hearing ordered.

The appellant argues that the 1931 easement release is not applicable to the 1963 condemnation

and that it constitutes an option to the highway commissioner rather than a contract. But since the appellant failed to present this argument below, merely arguing that the commission could not properly adjudicate contract rights, we do not consider it now for the first time on appeal. *City of St. Clair Shores* v. *Conley* (1957) 350 Mich 458.

The appellant argues that the court committed error in instructing the commissioners on any measure of damages other than the difference in value of the property before and after the taking. No case cited in appellant's brief, however, establishes such a rule of law. *In re Widening of Fulton Street* (1929), 248 Mich 13, 23 (64 ALR 1507), makes it clear that, "It need not be held, as it is claimed it was held by the trial judge, under no circumstances could the cost of moving a building become material if offered by the property owner in a case of this character." The trial court in that case charged the jury as follows (pp 18, 19):

"As regards the land taken, therefore, if you find that the improvement is a necessary public improvement, you will award to the owners the fair market value of the 16 feet proposed to be taken, and if the value of the remainder of the property is decreased by reason of cutting off the 16 feet, also whatever you may find to be the decrease in the value.

"On some of these parcels there are buildings, and a portion of some of these buildings will have to be removed if the proposed improvement is made. The rule of damages in regard to buildings is as follows: If the portion remaining, after the strip is taken, is of great value, and there can be advantageous reconstruction, rearrangement and new adjustment, then the cost of altering the building and all consequential damages because of such alteration, plus the value of the part taken, furnishes the rule for measuring the compensation to be awarded for taking part of the building.

"In determining the amount of damages the jury must either consider the remainder worthless and allow the value of the whole building, or consider what can be done with the remainder and the cost of doing it."

The confirmation of the award was affirmed on appeal.

The court in *In re State Highway Commissioner's Petition* (1944), 310 Mich 93, qualifies the strict application of the before-after test by saying that (p 99):

"While we do not hold that it is universally improper to take testimony which will disclose more in detail special items of damages, such as loss of valuable trees, leaving remaining portions of property inaccessible or undesirable, *et cetera* (*Page* v. *Wells,* 37 Mich 415)   *   *   *"

None of the cases cited by appellant stands for the proposition that the before-after basis is the *only* proper measure of damages.  After all the various formulae concerning the measure of damages are done with, the constitutional test of "just compensation"* remains as the final criterion.

The Court in *In re Widening of Michigan Avenue, Roosevelt to Livernois* (*Parcel 68*) (1937), 280 Mich 539 at 548 states that:

"Many technical rules have been promulgated for determining value, none of which is important. The determination of value is not a matter of formulas or artificial rules, but of sound judgment and discretion based upon a consideration of all the relevant facts in a particular case."

This case is quoted with approval in *In re Widening of Michigan Avenue, Fourteenth to Vinewood* (*Parcel 90*) (1941), 298 Mich 614, as follows:

---

* Const 1908, art 13, § 1.—REPORTER.

"The jury in a condemnation case is, as in other cases, the judge of the credibility of the witnesses and the truthfulness of their statements. The jurors hear the testimony, examine the property, consider the estimates placed upon the damages which should be awarded to the respective parties, and make a final determination. Like any other tribunal which is created for the determination of disputed questions of fact, their determination is final and this Court may not disturb it so long as it is within the fair range of testimony and of the facts which the jury may have learned in their examination of the property."

Finally, the Court in *In re Widening of Michigan Avenue (Rott's Appeal)* (1941), 299 Mich 544, 550, citing the two cases immediately *supra,* states the rule as follows: "Nor can this Court set up a formula or dictate the method which must be followed by the jury in its determination of value." These three cases are controlling here.

The trial court's instruction as to the measure of damages accurately explained the competing tests and properly left the choice to the commissioners. The amount of the award was clearly within the range of testimony.

The award to the Flanders is affirmed. Costs to appellees.

*2.* In further improvement of highway M–32, it became necessary in 1963 for appellant to take 6.5 acres of the 40-acre English farm. Of the portion taken, 1.6 acres was already subject to an easement purchased by the State in 1931 and essentially similar to the Flanders' agreement. The taking cut appellee's property into two parts and included his house, barn, and tool shed. Before the court commissioners were able to view the premises, the appellant burned down the buildings to make way for the highway improvement operations.

At the hearing, the State appraiser testified that the house would cost $18,600 new. Using a before-after measure of damages, he concluded that an award of $6,675 should be made.

Appellee's appraiser arrived at a figure of $14,300, using the same test. According to appellee's witness Martin, the total cost of moving the buildings would be $16,989.50, including $7,980 worth of fill dirt to correct for grade changes.

Concerning the 1931 easement, appellant's counsel proposed the same instruction that he had requested in the Flanders case, and the trial court gave the same instruction it had given in the Flanders case. In addition, the trial court advised the commissioners in the instant case as follows:

"However, in this case there are some difficulties, of course, as far as the buildings are concerned, but I instruct you the same; and so in the present as to the English parcel, the commissioners will have to take into consideration the rights that Pearl English had to have her buildings moved to another place on the property, and placed in the same condition. This right could be the amount that it would have cost the State to place her in that position, and so your damages in this case, as I instruct you, is within the limits of the testimony and as the commissioners have heard it, would be the placing of Pearl English in the same position where it would be, the cost of moving the building, having a new site prepared so that it would stand in the same condition as it would have previously, had her rights been preserved.

"In addition to that, she is entitled to receive the actual value of the building. So that there will be no question about it, she is entitled to the actual value of the building, and that will have to be determined by the evidence that is before the commissioners, as well as the amount it would cost to move the buildings and place them in their

new site. The reason for that is that the contract did exist, and the contract was breached by the State.

"The rule of just compensation applies in this case."

The award of $21,000 was confirmed by the trial court. Appellant asks that confirmation of the award be set aside and a new hearing ordered.

Appeal was granted on basically the same grounds as those in the Flanders case. The facts in that case do not differ in any material particular from those in the instant case. The same authorities and reasoning are, therefore, controlling here.

The award to the appellees is affirmed, with costs.

BURNS, P. J., and T. G. KAVANAGH, J., concurred.