GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, APPELLANT, *v.* OHIO CIVIL RIGHTS COMMISSION ET AL., APPELLEES.

(No. 55182—Decided April 10, 1989.)

*Russell T. Adrine, Wanda Rembert Arnold* and *Janice M. Wood,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Charles E. Cook,* for appellees.

PATTON, J. Appellant Greater Cleveland Regional Transit Authority ("RTA") appeals from the lower court's affirmance of an Ohio Civil

Rights Commission determination that complainant Robert Anderson, an RTA employee, had been the victim of discrimination when he was discharged for reasons not applied equally to all persons without regard to their condition or handicap, in this case, complainant's alcoholism. In overruling RTA's objections, the lower court expressly concluded that the commission's findings were supported by reliable, probative and substantial evidence. RTA assigns the following errors for review:

"I. The court erred in finding that there was reliable, probative and substantive evidence supporting the Ohio Civil Rights Commission's finding that the complainant was addicted to alcohol and a handicap within the purview of Ohio Revised Code, Section 4112.01(A)(3).

"II. The court erred in affirming the Civil Rights Commission's legal finding and conclusion of law that the complainant was handicap [*sic*] and not discharged for just cause."

The complainant was employed by RTA as a hostler. His duties included general maintenance of buses, although he performed no mechanical work.

In 1983, complainant was voluntarily admitted to Rosary Hall, the alcoholic rehabilitation center of St. Vincent Charity Hospital. He was diagnosed as having alcohol addiction. Following a two-week stay, complainant was released and ordered to attend eight weeks of aftercare therapy, as well as regular Alcoholics Anonymous meetings. His voluntary admission was reported to the RTA, and covered by his health insurance.

On July 11, 1985, complainant was involved in a series of altercations on RTA property while off duty. He unilaterally provoked two fights after spending several hours in two neighboring taverns. In the first altercation, complainant struck with no provocation a fellow employee. He then spent some time at another tavern, before returning to RTA property. He then accosted a different employee in an open attempt to start a fight. Complainant was led away three times but kept returning. Eventually, several people were involved in a scuffle. At least four witnesses testified that complainant was intoxicated.

The following day, complainant was discharged for fighting on company property and intoxication. RTA's personnel director upheld the discharge based on the aggressive nature of complainant's acts and "* * * due to the fact that [complainant] was previously enrolled in the A.A. program for alcoholism, I do not feel that returning him to work will rehabilitate him." The discharge was upheld at all levels of the grievance procedure.

The commission filed a complaint against RTA when it found probable cause to believe that RTA had engaged in discriminatory practices. Following a public hearing, the commission concluded that complainant was an alcoholic; that he was discharged in part due to his alcoholism; that he posed no occupational hazard when RTA refused to make a reasonable accommodation to the handicap. The commission ordered complainant's reinstatement without back pay, ordering RTA to amend its records to show that complainant was suspended pending his successful completion of an alcohol recovery program. In addition, RTA was ordered not to take any action to discipline, demote or discharge complainant for one year without notifying the commission within ten days of such action of the circumstances and reasons for the disciplinary action.

On appeal to the court of common pleas, the commission's findings of fact and conclusions of law were affirmed.

## I

The first assignment of error challenges the evidence supporting the commission's finding that complainant was an alcoholic and thus handicapped.

In *Hazlett* v. *Martin Chevrolet, Inc.* (1986), 25 Ohio St. 3d 279, 25 OBR 331, 496 N.E. 2d 478, the Supreme Court stated:

"To prove a prima facie case of handicap discrimination the commission must show not only that the complainant was handicapped and that the action was taken by the employer, at least in part, because the complainant was handicapped, but, further, that the complainant, though handicapped, can safely and substantially perform the essential function of the job in question. * * *" *Id.* at 281, 25 OBR at 333, 496 N.E. 2d at 480.

"* * * [A]lcoholism * * * [is a handicap] as defined in R.C. 4112.01(A) (13)."[1] *Id.* at syllabus.

In order to prove that a person is an alcoholic, the commission must present evidence that consists of more than just the self-serving statements of the person claiming the handicap. See *Babcock & Wilcox Co.* v. *Ohio Civil Rights Comm.* (1987), 31 Ohio St. 3d 222, 224, 31 OBR 430, 431, 510 N.E. 2d 368, 369-370 (George, J., concurring); see, also, *id.* at 225, 31 OBR at 432, 510 N.E. 2d at 370 (Holmes, J., concurring). There must be, at a minimum, medically qualified evidence to support a finding that a person is an alcoholic. In this case, the commission made such a prima facie showing.

There was documentary evidence that demonstrated that complainant had been admitted to an alcohol recovery program. Hospital records indicated that complainant was diagnosed as having alcohol addiction. This information was further documented by the admissions coordinator of the alcohol recovery program, and by forms showing that complainant had participated in eight weeks of prescribed aftercare therapy. Finally, the evidence showed that complainant's addiction to alcohol had continued up to the time of his discharge. Accordingly, we conclude that the trial court did not err in finding the commission's determination that complainant was an alcoholic was supported by reliable, probative and substantial evidence. *Plumbers & Steamfitters Commt.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 192, 20 O.O. 3d 200, 421 N.E. 2d 128. The first assignment of error is overruled.

## II

The second assignment of error complains that the trial court erred in its legal conclusion that RTA had discharged complainant in part due to his handicap and had failed to make reasonable accommodations that would allow complainant to safely and substantially perform the essential function of his job. RTA argues that the discharge was for just cause due to complainant's fighting.

Having proved that complainant was handicapped for purposes of R.C. 4112.01, the commission next needed to prove that complainant was discharged in part due to his handicap. *Hazlett, supra,* at 281, 25 OBR at 333, 496 N.E. 2d at 480. The commission's

---

[1] R.C. 4112.02 provides in part:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

evidence showed that RTA's personnel director expressly noted that complainant's prior enrollment in Alcoholics Anonymous led him to conclude that complainant could not be rehabilitated. Moreover, substantial evidence demonstrated that the incidents giving rise to the discharge were fueled, in part, by complainant's consumption of alcoholic beverages.[2] Hence, there was reliable evidence to support the conclusion that complainant's handicap played a part in his discharge.

There was also substantial evidence demonstrating that complainant could safely and substantially perform his job. Ohio Adm. Code 4112-5-02(J)[3]; *Hazlett, supra.* The analogous federal statute, the Rehabilitation Act of 1973, Section 701 *et seq.,* Title 29, U.S. Code, was enacted with the recognition that an active alcoholic's drinking might have no effect on actual job performance. See 124 Cong. Rec. 30,324 (1978) ("Many 'active' alcoholics * * * hold jobs and perform them satisfactorily * * *. [T]he Rehabilitation Act protects such persons * * * from being fired

solely because of their alcoholism * * *") (statement of Senator Hathaway). It is appropriate to look to federal law when interpreting analogous law under R.C. Chapter 4112. *Plumbers & Steamfitters Commt.* v. *Ohio Civil Rights Comm., supra,* at 196, 20 O.O. 3d at 202, 421 N.E. 2d at 131.

In this case, the evidence showed that complainant did not work while intoxicated. His disciplinary record is devoid of any instances where he was disciplined for reasons directly attributable to his handicap. It is worth noting that the events giving rise to the discharge occurred while complainant was off duty. Thus, we find there were substantial grounds on which the court could find that the commission did not err in concluding that complainant could safely and substantially perform his duties as a hostler.

Notwithstanding the finding that complainant could safely and substantially perform his duties despite his handicap, RTA argues that complainant's continued employment constituted an occupational hazard pursuant to R.C. 4112.02(L)[4] that might

---

[2] Although neither party cites it, commission exhibit 24 corroborates RTA's viewpoint in this matter. That exhibit, a memorandum by RTA's manager of communications, states in part:

"There is no question in my mind that Mr. Anderson was under the influence of alcohol and did not take advantage of the last three opportunities on the part of RTA supervisors to leave RTA property. His refusal to leave resulted in the incident and, with just cause, his discharge.

"Mr. Anderson has a problem with alcoholism and I hope that he will be able to maintain a program to control that problem. Unfortunately, he has not been able to do that in the past. RTA has given Mr. Anderson many opportunities to prove that he can be a productive employee, but he has not taken advantage of these opportunities. Consequently, I have no choice but to deny his appeal and uphold his discharge."

[3] Ohio Adm. Code 4112-5-02(J) (now [K]) provides:

"(J) 'Qualified handicapped person' means, with respect to employment, a handicapped person who can safely and substantially perform the essential functions of the job in question, and who is not excluded from the coverage of Chapter 4112. of the Revised Code."

[4] R.C. 4112.02(L) provides in relevant part:

"Nothing in divisions (A) to (E) of this section shall be construed to require a handicapped person to be employed or trained under circumstances that would significantly increase the occupational hazards affecting * * * other employees, the general public, or the facilities in which the work is to be performed * * *."

significantly affect other employees. In support of this argument, RTA contends that complainant's alcoholism promotes aggressive behavior that manifests itself in unprovoked physical confrontations with other employees.

Ohio Adm. Code 4112-5-08(D)(3)(a) provides that the employer has the burden of establishing the manner and degree to which such occupational hazards would be increased. However, even if under existing circumstances occupational hazards would be significantly increased, an employer may not rely on R.C. 4112.02(L) to refuse to employ a handicapped person if through reasonable accommodation the significantly increased occupational hazards could be avoided. Ohio Adm. Code 4112-5-08(D)(3)(c). The hearing examiner expressly found that RTA provided objective evidence that complainant's continued employment rose to the level of occupational hazard due to his physical confrontations with other employees. The issue then becomes whether RTA could have made reasonable accommodations to avoid the occupational hazard posed by complainant's handicap.

Ohio Adm. Code 4112-5-08(E) sets forth various criteria for determining the reasonableness of an accommodation. Generally, the extent of the accommodation is to be weighed against the relative hardship the accommodation poses to the employer. Thus, job restructuring, modification of equipment or schedules and realignment of duties are weighed against, among other considerations, the financial cost and expense, the business necessity and the value of the handicapped employee's work. The burden of showing undue hardship is on the employer. Ohio Adm. Code 4112-5-08(E)(1).

While no Ohio courts have considered what constitutes a reasonable accommodation of an alcoholic employee, the federal courts, in applying the Rehabilitation Act, have considered this question. In *Whitlock* v. *Donovan* (D.D.C. 1984), 598 F. Supp. 126, affirmed (C.A.D.C. 1986), 790 F. 2d 964, the court construed the similar federal mandate of handicap accommodation to require the employer who is aware of an employee's handicap to offer the handicapped employee a "firm choice" of reentering an appropriate alcohol treatment program or facing suspension or other disciplinary action. *Id.* at 133-134. Accord *Walker* v. *Weinberger* (D.D.C. 1985), 600 F. Supp. 757; *Burchell* v. *Dept. of Army* (D.S.C. 1988), 679 F. Supp. 1393. The duty to accommodate a handicap attaches only when an employer knows of the handicap, or should have known of the handicap from knowledge of factors from which the handicap might reasonably be inferred. *Ferguson* v. *Dept. of Commerce* (M.D. Fla. 1988), 680 F. Supp. 1514, 1517. In addition, the efforts required to accommodate a handicapped employee need only extend to reasonable efforts. Repeated unsuccessful efforts at rehabilitation are not required, nor are efforts to accommodate required when the employee's repeated refusal to reenter a treatment program constitutes a hardship on the employer. *Crewe* v. *Office of Personnel Mgmt.* (C.A. 8, 1987), 834 F. 2d 140, 143; *Lemere* v. *Burnley* (D.D.C. 1988), 683 F. Supp. 275, 278-279; *Robinson* v. *Devine* (D.D.C. 1985), 37 F.E.P. 728, 730. Erratic behavior may be symptomatic of the handicap, but it will not obviate an employer's reasonable efforts to accommodate the handicapped employee. But, in any case, the issue of reasonableness is a question of fact depending upon the circumstances presented.

In this case, the commission's conclusion that RTA did not make reasonable accommodations to complainant's handicap is supported by the evidence. RTA knew that complainant suffered

from alcoholism and the alcoholism played a role in the events leading to his discharge. RTA refused, however, to allow complainant a further chance at treatment. This refusal was contrary to the law as we find it.[5] We stress that complainant's successful completion of an alcoholic recovery program is a mandatory prerequisite for his reinstatement. A qualified medical determination of fitness for duty must be made. Should complainant refuse further treatment, RTA is under no duty to reinstate him and may, in fact, discharge him. To the extent the commission's order incorporated these points, we affirm.

We cannot, however, agree with that part of the commission's order forbidding RTA from taking disciplinary action against complainant for a period of one year without notification to the commission. R.C. 4112.05(G) gives the commission authority to fashion relief for civil rights violations. That authority is exceeded, however, when the commission infringes upon an employer's own lawful authority to discipline its employees. The need to discipline employees is particularly acute in cases of alcohol addiction. As stated in *Hazlett, supra,* "where chemical dependency adversely affects job performance, an employer is clearly within its rights to discharge the employee." *Id.* at 281. Even though handicapped, the employee has the responsibility of performing a job safely and satisfactorily, while complying with all reasonable work rules. Should the handicapped employee fail to fulfill all job requirements, the employer is within its rights to subject the handicapped employee to the full range of disciplinary proceedings up to and including discharge. Accordingly, we modify the commission's order to delete any language that would necessarily infringe upon RTA's lawful authority to discipline complainant. As modified, the second assignment of error is overruled.

*Judgment affirmed*
*as modified.*

ANN MCMANAMON, C.J., and FORD, J., concur.

ROBERT B. FORD, J., retired, of the Geauga County Court of Common Pleas, sitting by assignment.

---

[5] We are aware that Congress has indicated its intention that the federal government should be a leader in the employment of handicapped individuals. *Whitlock, supra,* at 130, citing Section 1613.703, Title 29, C.F.R. The federal standards are particularly applicable to RTA, an employer that receives substantial public funding.