G.M. ENGINEERS AND ASSOCIATES,
INC., Plaintiff–Appellant,

v.

WEST BLOOMFIELD TOWNSHIP,
Defendant–Appellee.

No. 90–1257.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 16, 1990.

Decided Dec. 27, 1990.

Mark Richardson (argued), Detroit, Mich., for plaintiff-appellant.

William P. Hampton, Michael L. Updike, Kohl, Secrest, Wardle, Lynch, Clark & Hampton, Farmington Hills, Mich., and Marcia L. Howe (argued), and Carol A. Rosati, Cummings, McClorey, Davis & Acho, Livonia, Mich., for defendant-appellee.

Before KENNEDY and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

MILBURN, Circuit Judge.

Plaintiff-appellant G.M. Engineers and Associates, Inc. ("G.M. Engineers"), appeals the dismissal of its civil rights action filed under 42 U.S.C. § 1983 alleging that the denial by defendant-appellee West Bloomfield Township ("West Bloomfield") of proposed lot-splits deprived the plaintiff of liberty and property without due process of law and amounted to a taking of property without just compensation. For the reasons that follow, we affirm.

## I.

### A.

Socrates and Kathleen Tountas own a parcel of land consisting of two adjoining, undeveloped, platted lots located on Hiller Road in Oakland County, Michigan, in the West Bloomfield Township. On March 7, 1988, G.M. Engineers, a Michigan corporation engaged in real estate development and home-building, entered into a contract with Mr. and Mrs. Tountas for the development and sale of the land. The contract provided that G.M. Engineers would undertake the development and platting of the two lots into eight residential building lots. In addition to providing certain improvements, plaintiff's obligations under the contract included securing approval for the division of each of the lots into four smaller lots. Under the contract, plaintiff was to have the lots ready for sale no later than June 15, 1988. The proceeds from the sale of the lots were to be divided between G.M. Engineers and Mr. and Mrs. Tountas according to terms agreed upon in the contract.

G.M. Engineers, through Mr. and Mrs. Tountas, filed an application for division of the lots with the West Bloomfield Township Planning Department on March 14, 1988. The proposed arrangement would have placed the rear yards of the new lots along the side yards of existing lots in the subdivision. Also, the proposed lots were considerably smaller than existing lots, having an area of approximately one-fourth to one-third that of the existing lots.

The township planning department determined that the proposed use, *i.e.*, single-family housing, complied with the township's master plan. The planning department also determined that the proposal complied with all applicable ordinance requirements. The planning department approved the proposal and forwarded the application to the township planning commission. The matter came before the planning commission in May 1988. After some discussion, a motion was made to deny the proposal "on the basis that the resulting configuration is not consistent with the orderly development of the neighborhood

which has already taken place." J.A. 17. The motion carried.

An appeal was presented to the township board in a meeting held September 6, 1988. The board noted that the planning commission was troubled by the differences in lot size and with the side yard to rear yard configuration. A motion to affirm the action of the planning commission carried unanimously. When G.M. Engineers was unable to secure approval of the proposal, Mr. and Mrs. Tountas elected to terminate the development agreement.

### B.

Michigan law gives "a person having an interest affected" a right of appeal to the state circuit court from a final decision of the township board sitting as a board of appeals. Mich.Comp.Laws Ann. § 125.293a. Also, an aggrieved party can secure a writ of mandamus from the circuit court if they "have a clear legal right to performance of the specific duty sought to be compelled; defendants ... have the clear legal duty to ... act; and ... 'the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'" *Carlson v. City of Troy,* 90 Mich.App. 543, 547, 282 N.W.2d 387, 388 (1979) (quoting *Toan v. McGinn,* 271 Mich. 28, 34, 260 N.W. 108, 111 (1935)).

Instead of appealing to the state circuit court or seeking compensation for the alleged taking through state channels, plaintiff filed this action in federal district court under 42 U.S.C. § 1983, alleging that under color of state law and customs and usage of the State of Michigan, West Bloomfield deprived G.M. Engineers of liberty and property without due process of law in violation of the United States Constitution and the Michigan Constitution. G.M. Engineers also alleged that the actions resulted in a taking of private property without just compensation in violation of the United States Constitution and Michigan statutory and constitutional law.

West Bloomfield moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) arguing, among other things, that G.M. Engineers had alleged no property interest protected by the Constitution. West Bloomfield also challenged plaintiff's failure to seek state relief. Finding no protected property interest, the district court granted defendant's motion and dismissed the action in an order and opinion filed January 17, 1990.[1] This timely appeal followed.

The principal issue presented for review is whether G.M. Engineers stated a claim.

### II.

### A.

"Whether the district court correctly dismissed [plaintiff's] claims pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to *de novo* review." *Dugan v. Brooks,* 818 F.2d 513, 516 (6th Cir.1987). This court must accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief. *Id.*

### B.

G.M. Engineers argues that the district court incorrectly held that it had no protected property interest. Defendant argues to the contrary and argues alternatively that, assuming *arguendo* plaintiff had a protected interest, plaintiff's claim was defeated by its failure to seek compensation for the alleged taking and its failure to plead and prove the inadequacy of state remedies.

Under Michigan law, contracts are recognized as property, *Wilkinson v. Powe,* 300 Mich. 275, 285, 1 N.W.2d 539 (1942) (right to perform a contract and reap the profits is a property right), subject to just compensation upon being taken by the government. *City of Detroit v. Detroit Lumber Co. (In re Opening of Elmhurst*

---

**1.** Plaintiff's pendent state claims were dismissed for lack of jurisdiction upon dismissal of the federal claims.

*Ave.)*, 231 Mich. 563, 565–66, 204 N.W. 729, 730 (1925); *State Highway Comm'r v. Flanders*, 5 Mich.App. 572, 577, 147 N.W.2d 441 (1967). This is true even when the contract rights are subject to being defeated, as were the plaintiff's in this case. *See Detroit Lumber*, 231 Mich. at 565–66, 204 N.W. at 730. Since the actions of the defendant allegedly destroyed all plaintiff's contract rights, we are persuaded that a complete taking of property was alleged.

■ Nevertheless, plaintiff's taking claim is defeated by the Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195, 105 S.Ct. at 3121. Thus, in order to state a claim, the plaintiff must show "that the inverse condemnation procedure is unavailable or inadequate...." *See id.* at 197, 105 S.Ct. at 3122. Because plaintiff makes "no claim that the State of [Michigan] does not have an adequate inverse condemnation law permitting citizens to recover just compensation for governmental takings," plaintiff failed to state a claim under the Just Compensation Clause. *Four Seasons Apartment v. City of Mayfield Heights*, 775 F.2d 150, 151–52 (6th Cir.1985).

### C.

■ Although the holding of *Williamson County* does not specifically foreclose a due process claim, similar considerations convince us that plaintiff's due process claim is defective. The viability of plaintiff's due process claim depends upon establishing that the local board did not have discretion to deny the proposed lot-split once the plaintiff complied with the manda-

tory minimal requirements. If, as held by the district court, the board members had discretion [2] as to whether or not to approve the proposal, then plaintiff had neither a "legitimate claim of entitlement," *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (property interests), nor a "justifiable expectation," *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983) (liberty interests), in approval of the proposed lot-split.

■ On the other hand, if state law circumscribed the discretion of the board members to the point that approval was mandatory once plaintiff met the minimal requirements of the applicable regulations, then the board members acted illegally. At oral argument, counsel for the plaintiff asserted that the board members acted illegally. In *Four Seasons*, we held that if the mayor's letter to a developer revoking his building permit was illegal as alleged, then it was "(a) an unauthorized official act, (b) not a part of any 'established state procedures' ... and (c) therefore ... was subject to the rule of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Hudson v. Palmer*, [468 U.S. 517], 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984), and *Vicory v. Walton*, 721 F.2d 1062 (6th Cir.1984), all of which require a showing of inadequate state corrective procedures." 775 F.2d at 152.

In *Kumar v. Marion County Common Pleas Court*, 704 F.2d 908, 909 (6th Cir. 1983), a civil rights action had been brought against a divorce referee alleging that he "acted illegally in hearing [the plaintiff's] divorce suit because he was not an attorney as required by state law...." We ruled that the constitutional injury, if any, was "the result of the unauthorized failure of certain state agents to follow established state law." *Kumar*, 704 F.2d at 910. Consequently, we upheld the district court's dismissal of the complaint on the basis of *Parratt*.

---

**2.** On appeal plaintiff argues that if the state scheme grants discretion to the board to reject for reasons not specifically enumerated in ordinances, etc., then it is void for vagueness. Defendant correctly points out that this argument

was waived by failure to pursue it below. *See Walker v. South Cent. Bell Tel.*, 904 F.2d 275, 276 n. 1 (5th Cir.1990) (waiver in context of 12(b)(6) dismissal).

Later, in *Huron Valley Hospital, Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir.1989), allegations were made that the Michigan Department of Public Health, by denying a "certificate of need," departed from Michigan law and thereby deprived the plaintiff hospital of property without due process. The district court held that the *Parratt* doctrine applied because "plaintiffs were not, in actuality, challenging conduct under established state procedures." 887 F.2d at 714. Since the defendants' "alleged use of criteria ... not contained in Michigan law and regulations was a departure from, not an action based upon, 'established state procedures,'" we held that the Parratt doctrine applied and affirmed.[3] *Id.* at 716.

■ We conclude that, as in *Four Seasons, Kumar,* and *Huron*, plaintiff's injury, if any, was the result of a random and unauthorized act not taken pursuant to an established state procedure. Since plaintiff has failed to plead or show that state corrective procedures were inadequate, we hold that plaintiff failed to state a procedural due process claim.

Finally, we note that counsel for the plaintiff conceded at oral argument that this case does not present a procedural due process violation. Instead, plaintiff argued that this case presents a substantive due process violation to which the *Parratt* doctrine does not apply.

■ There are two types of "substantive" due process claims to which the *Parratt* rule does not apply. The first category encompasses claims based on a "right, privilege, or immunity secured by the Constitution or federal laws other than the Due Process Clause of the Fourteenth Amendment *simpliciter*." The second category ... includes allegations of official acts which "may not take place no matter what procedural protections accompany them."

*Hayes v. Vessey*, 777 F.2d 1149, 1152 (6th Cir.1985) (citations omitted). The test un-

der the second category asks whether the alleged conduct shocks the conscience of the court. *McMaster v. Cabinet for Human Resources*, 824 F.2d 518, 522 (6th Cir.1987). Since plaintiff's allegations do not fit this case within either category, we hold that plaintiff failed to state a claim based on substantive due process.

### III.

Accordingly, for the foregoing reasons, the judgment of the district court dismissing plaintiff's complaint is AFFIRMED.

**3.** In affirming, we noted the distinction between a state practice, policy or custom and an "established state procedure." *Huron,* 887 F.2d at 715. An "established state procedure" is defined as "the mechanism that effects a deprivation or contributes to cause a deprivation." *Id.* at 715–16 (quoting *Vinson v. Campbell County Fiscal Court,* 820 F.2d 194, 199 (6th Cir.1987)).