996 F.2d 1216
 2 A.D. Cases 1520, 4 NDLR P 163
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy A. RODGERS, Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION, Defendant-Appellee.
 No. 92-3747.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1993.
 
 Before: GUY and NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 Timothy Rodgers, the plaintiff, had worked for the defendant, Federal Express Corporation (FedEx), for nine years, when, in February, 1991, he admitted that he had a drug addiction problem. With the assistance of FedEx, Rodgers underwent counselling for his drug addiction and completed this program. Once he returned to work, FedEx subjected Rodgers to random drug tests.[1]
 
 
 2
 Rodgers avers in his complaint that he was tested by an insurance carrier on June 11, 1991, and the test reflected negative results. Two days later, on June 13, FedEx conducted a drug test which reflected positive results. Shortly thereafter, FedEx terminated Rodgers, who then sued FedEx in state court, claiming a violation of the Ohio handicap discrimination law.
 
 
 3
 Rodgers denied in the complaint use of any drugs after successfully completing the treatment program. He claimed to have objected to the results of the FedEx test, and asked for a second test at his own expense. Rodgers also alleged in the complaint that FedEx knew that its drug tests were conducted in a careless manner. Since FedEx refused to conduct a second test, Rodgers filed a grievance with his employer, presenting evidence that he had not used drugs at or near the time he allegedly failed the random test.
 
 
 4
 Rodgers also claims that his work was satisfactory at all times. He claims further that his drug addiction never affected his work prior to confessing his problem to FedEx (or afterwards). His complaint adds the following averments:
 
 
 5
 17. Federal Express did not offer Mr. Rodgers another drug test, or a second chance of employment despite a good work record and the substantial credible evidence presented in the grievance by Mr. Rodgers that he had not used illegal drugs; instead, Federal Express terminated Mr. Rodgers.
 
 
 6
 18. Federal Express could have easily, without cost, allowed Mr. Rodgers to take a second drug test.
 
 
 7
 19. Federal Express failed to reasonably accommodate Mr. Rodgers' handicap by allowing him to take a second drug test and/or crediting the substantial evidence he presented in the grievance that he did not use illegal drugs, and allowing Mr. Rodgers to continue his employment.
 
 
 8
 ....
 
 
 9
 21. By its acts and omissions set forth in paragraph 1-20 above, Federal Express discriminated against Mr. Rodgers based on his handicap, in violation of R.C. Chapter 4112; Mr. Rodgers is therefore entitled to the remedies in R.C. 4112.99 [Ohio law].
 
 
 10
 (emphasis added). FedEx removed the case to federal court, and contended, in a subsequently filed motion to dismiss, that Rodgers was not fired because of his "handicap," his drug problem, but rather because he failed a drug test which was a condition of his continued employment. The district court granted FedEx's Fed.R.Civ.P.Rule 12(b)(6) motion.
 
 
 11
 Under this scenario, the district court must view the complaint in a light most favorable to the plaintiff, accepting all allegations, other than unwarranted conclusionary statements, as true. The district court noted that a drug addiction is indeed a handicap under Ohio Rev.Code § 4112.02(A), but concluded that "the Defendant terminated the Plaintiff for his failure to fulfill his job requirements by [not] successfully passing a drug test and not for his handicap of drug addiction." The district court also found that the plaintiff did not show that he could "safely and substantially perform the essential functions of the job in question." Finally, the district court decided that the duty reasonably to accommodate an employee's handicap only arises when adverse personnel action is taken against an employee by reason of his handicap. The district court held that FedEx was not required, as a matter of law, to give the plaintiff a second drug test.
 
 
 12
 We review a Fed.R.Civ.P. 12(b)(6) dismissal de novo. General Motors Engineers and Assoc., Inc. v. West Bloomfield Township, 922 F.2d 328, 330 (6th Cir.1990); Taxpayers United for Assessment Cuts v. Austin, --- F.2d ----, 1993 WL 180242 (June 1, 1993). This court, when reviewing such a motion, must accept all of the plaintiff's factual allegations as true to determine whether the plaintiff would be entitled to relief under any set of facts which are consistent with these allegations. General Motors Engineers, 922 F.2d at 330. "All factual allegations are deemed admitted, and when an allegation is capable of more than one inference, it must be construed in plaintiff's favor." Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1040 (6th Cir.1991) (citations omitted).
 
 
 13
 Ohio Rev.Code § 4112.02(A) states that it shall be an unlawful discriminatory practice:
 
 
 14
 For any employer, because of the ... handicap ... of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment....
 
 
 15
 Hazlett v. Martin Chevrolet, Inc., 496 N.E.2d 478 (Ohio 1986), interpreted "handicap" under this statute to include a drug addiction. In order to prove a cause of action under this statute, the plaintiff must show 1) that he was handicapped 2) that action was taken by Federal Express at least in part because of the handicap and 3) that the plaintiff "can safely and substantially perform the essential function of the job in question." Id. at 480. Hazlett dealt with the problem of a drug dependent party whose work skills have not been compromised, who is still a productive member of society, and who has incentive to help himself. Id. at 481. "Where the chemical dependency adversely affects job performance an employer is clearly within its rights to discharge the employee." Id. at 480.
 
 
 16
 If the employee is discharged for reasons other than the handicap, however, the employer does not have to prove its inability reasonably to accommodate the handicap in the workplace. Salazar v. Ohio Civil Rights Comm'n, 528 N.E.2d 1303, 1306 (Ohio App.1987).[2] The plaintiff argues that he was discharged because of his handicap and thus he was entitled to a second chance or a reasonable accommodation noting Salazar[3], supra, and Greater Cleveland RTA v. Civ. Rights Comm'n, 567 N.E.2d 1325 (Ohio App.1989).
 
 
 17
 Rodgers alleged, then, that he, as a longtime employee, requested FedEx's assistance for a drug addiction, that he "always performed his work satisfactorily," that he was "successful in his drug abuse counselling," that he had not used drugs since beginning counselling, including June 13, 1991, and that he had drug-tested negative after beginning counselling. In addition, when advised that he tested positive on June 13, 1991, by FedEx, he "objected," and advised his employer that he had not used "any illegal substance," and requested a "second drug test." Furthermore, he asserted that "FedEx was aware its drug tests were conducted in a careless manner," specifying the circumstances and that he filed a grievance, but was unsuccessful in fighting his discharge despite presenting "substantial evidence ... that he did not use illegal drugs."
 
 
 18
 The admitted drug addiction under Ohio law was a handicap, and Rodgers claims that FedEx essentially discriminated against him by terminating him in relation to this handicap, thereby causing him consequential damages. Hazlett speaks of compromised work skills and of determining whether the handicapped and addicted employee is still a "productive member of society," as well as a productive worker, in assessing a handicap discrimination claim of this type. Hazlett, 496 N.E.2d at 481.
 
 
 19
 We believe that Rodgers has set out a prima facie case of handicap discrimination under Ohio law, and that giving the complaint reasonable inferences, the district court was in error in dismissing the case on the basis of an insufficient pleading alone. Plaintiff made allegations in his complaint to reflect his legal claim that he "was discharged in part due to his handicap." See Greater Cleveland RTA, 567 N.E.2d at 1328 (emphasis added) (citing Hazlett, supra ). The handicapped (alcoholic) employee need only set out that the addiction "played a role in events leading to his discharges." Id. at 1329.
 
 
 20
 Our holding in this case is a narrow one based upon what we construe to be the mandate of Ohio law. We do not intimate that the defendant is required to give the plaintiff a second drug test unless the plaintiff can demonstrate specific facts that indicate the drug test administered to him probably was defective reflecting an incorrect result. We are mindful of this statement in Greater Cleveland:
 
 
 21
 The need to discipline employees is particularly acute in cases of alcohol [drug] addiction. As stated in Hazlett, supra, "where chemical dependency adversely affects job performance, an employer is clearly within its rights to discharge the employee." Id. at 281, 496 N.E.2d at 480. Even though handicapped, the employee has the responsibility of performing a job safely and satisfactorily, while complying with all reasonable work rules. Should the handicapped employee fail to fulfill all job requirements, the employer is within its rights to subject the handicapped employee to the full range of disciplinary proceedings up to and including discharge.
 
 
 22
 The defendant may well be able to show that it had a reasonable basis for its actions in this case and/or that Rodgers did not adhere to reasonable work requirements. FedEx may be able to demonstrate that the plaintiff's allegations are incorrect and/or that summary judgment is appropriate. We are not called upon, in any event, at this juncture to make a judgment on the merits of either party's factual contentions in this controversy.
 
 
 23
 We, accordingly, REVERSE the dismissal based upon Rule 12(b)(6) and REMAND for further proceedings.
 
 
 24
 RALPH B. GUY, Jr., Circuit Judge dissenting.
 
 
 25
 It is possible this was an unjust discharge, but I am unable to see how the Ohio handicap discrimination law is implicated. If an employer conducted random drug tests and an employee with no known history of drug usage tested positive and was discharged, the employee might have a grievance or a lawsuit, but his legal theory could not be a violation of the handicap law. The reason is, of course, that he has no handicap.
 
 
 26
 Plaintiff had a substance abuse problem and claimed to be rehabilitated after treatment. For purposes of the issue in this case, I see him as no different than the person who never had a drug problem. Both would claim to be drug free and allege any positive test results would have to be an error. The plaintiff does not claim he had a relapse, but it did not affect his work, so he should not be penalized. I could understand how a claim of this nature might fit under the handicap law. I also could understand, to some degree at least, a kind of disparate treatment argument bottomed on a claim that only former substance abusers are fired after a positive test without opportunity for retesting. However, I simply do not understand how a plaintiff who claims he is no longer under a handicap can avail himself of relief under a handicap law.
 
 
 
 [1]
 FedEx, in its motion to dismiss, set forth that routine drug tests were a requirement of Rodgers' continued employment
 
 
 [2]
 The Ohio Civil Rights Commission has promulgated rules which require that employers make reasonable accommodation for handicapped individuals in the workplace to allow the individual to "safely and substantially perform the duties of that position." Ohio Adm.Code 4112-5-02. The administrative code provides specifically for some accommodations including provision of access to the job, modification of devices, realignment of duties, or revision of job descriptions, among others. Ohio Adm.Code 4112-5-08(E)
 
 
 [3]
 FedEx originally relied on this case, but Salazar came to work drunk and was reprimanded by his employer three times in one day. After his discharge, he did not complete his drug treatment program and thus was not reinstated