79 F.3d 1149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy A. RODGERS, Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION, Defendant-Appellee.
 No. 94-3776.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1996.
 
 Before: MERRITT, Chief Circuit Judge; KENNEDY, Circuit Judge; and JOINER, District Judge*.
 MERRITT, Chief Judge.
 
 
 1
 This is an appeal by the Plaintiff from a grant of summary judgment for Defendant Federal Express arising out of the discharge of Plaintiff after he tested positive for drugs in violation of Federal Express' no drug policy.
 
 
 2
 Plaintiff Timothy Rodgers began working for Federal Express in Ohio in 1982. He was promoted to courier in 1984 where he remained until his discharge in 1991. Couriers typically sort, load, deliver and pick up packages. During his tenure with FedEx, Plaintiff received uniformly exemplary job reviews and ratings.
 
 
 3
 In 1985, FedEx instituted a zero tolerance drug policy whereby drug usage was prohibited at any time, either on or off duty. Thereafter, random drug screening was instituted as a condition of employment. If a drug screen indicates drugs in the employee's system, the employee is terminated. The policy also has provisions for voluntary disclosure of drug abuse and subsequent treatment of the problem.
 
 
 4
 Plaintiff used marijuana daily, although never at work, and cocaine sporadically, again, never at work. After increasing arguments with his wife about his drug use, in February 1991 Plaintiff voluntarily told his supervisor about his problem. His supervisor and coworkers were surprised by the revelation because Plaintiff's conduct at work never indicated an abuse problem. After the admission, Plaintiff was immediately relieved of duty and put in contact with the FedEx substance abuse program. For the first six weeks in the rehabilitation program, Plaintiff received short-term disability while he received personalized attention for his drug problem. At the end of six weeks, in April 1991, Plaintiff returned to work. For the next eight weeks he was required to attend weekly group meetings and Narcotics Anonymous meetings four nights per week. FedEx's insurance carrier paid for the treatment.
 
 
 5
 Plaintiff was told that after he returned to work he would be subject to unannounced testing on roughly a weekly basis through a different program than FedEx's random drug testing program. The testing was done with a drug screening kit under a doctor's supervision and in a doctor's office. The specimen was divided into two vials that were sealed in the presence of Plaintiff and Plaintiff would verify that the information on the labels of the specimen was correct. The specimen was then sent to a lab and the results returned a few days later.
 
 
 6
 On June 13, 1991, Plaintiff was called to take his weekly drug test. He proceeded to the doctor's office and the testing went uneventfully. On June 17, 1991, Plaintiff was informed that his test came back positive, although Plaintiff denied that he had taken any drugs. The doctor questioned Plaintiff as to whether he was taking any medications or had eaten any food that might give a false positive; no explanation was found. Plaintiff requested another test be taken, but was told it was too late because any drugs in his system on the 13th would be gone by the 17th. At Plaintiff's request, the other vial from the 13th was tested but it too came back positive. Plaintiff was taken off duty on June 18 due to the positive test, suspended without pay and eventually terminated without being reinstated.
 
 
 7
 Plaintiff brought this action in state court under the Ohio handicap discrimination law and FedEx removed the case to federal court.
 
 
 8
 The Ohio handicap discrimination law provides that it is unlawful:
 
 
 9
 For any employer, because of the ... handicap ... to discharge without just cause, to refuse to hire, or otherwise discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment....
 
 
 10
 Ohio Rev. Code § 4112.02(A). Although the law has been changed to exclude current drug addiction as a handicap, in 1991, the time of the discharge in this case, drug addiction was a recognized handicap. Id. § 4112.01(A)(13).[1] Under the Ohio handicap discrimination law, a plaintiff sets out a prima facie case of discrimination by demonstrating that (1) he was handicapped; (2) action was taken, at least in part, because of the handicap and (3) plaintiff can "safely and substantially perform the essential function of the job in question." Hazlett v. Martin Chevrolet, Inc., 25 Ohio St.3d 279, 281, 496 N.E.2d 478, 480 (1986).
 
 
 11
 An employer may discharge the employee due to the handicap, but the burden is on the employer to show that it cannot "reasonably accommodate" the handicap. Ohio.Adm. Code § 4112-5-08(E). "Reasonable accommodation" may mean, for example, flexibility in work hours, tolerating some absenteeism, providing a different or separate work environment for the employee or switching the employee to another position within the organization.
 
 
 12
 If, however, a handicapped individual fails to fulfill all the requirements of his job or engages in misconduct, the employer has "just cause" to discharge the employee without consideration of whether there is a "reasonable accommodation" that can be made for plaintiff. Greater Cleveland Reg. Trans. Auth. v. Ohio Civ. Rights Comm'n, 58 Ohio App.3d 20, 20, 567 N.E.2d 1325, 1326 (1989); Salazar v. Ohio Civ. Rights Comm'n, 39 Ohio App.3d 26, 29, 528 N.E.2d 1303, 1306 (1987), appeal dismissed, 486 U.S. 1001 (1988).
 
 
 13
 Under the Ohio statute, therefore, even if a plaintiff is handicapped, a court could find, as the District Court did here, that the handicapped employee was terminated not because of a handicap but for "just cause." Ohio courts have found that even if the misconduct is related to the handicap, discharge is permissible as a matter of law if the same neutral criteria are applied to handicapped and nonhandicapped persons alike. Cleveland Civ. Serv. Comm'n v. Ohio Civ. Rights Comm'n, 57 Ohio St.3d 62, 65, 565 N.E.2d 579, 583 (1991) (a prospective employee's past absenteeism and arrest record, even if attributable to alcoholism, could be considered in making a hiring decision).
 
 
 14
 Similarly, this Court has recently held, in cases brought under Section 504 of the Rehabilitation Act of 1973, that the employer does not discharge solely due to handicap where the employer can demonstrate that the discharge was for misconduct, even if the conduct is attributable to or related to the handicap. For example, in Maddox v. University of Tennessee, 62 F.3d 843, 846-48 (6th Cir.1995), a panel of this Court found that the University discharged the employee for misconduct and did not discharge solely due to disability where the employee was arrested for driving under the influence of alcohol and public intoxication, even though the misconduct was attributable to the employee's alcoholism. Accord Ferby v. United States Postal Serv., 70 F.3d 1271 (6th Cir.1995) (Table) (discharge not due solely to handicap where employee discharged for violent outburst at work attributable to employee's alcoholism).
 
 
 15
 Here, the District Court assumed the existence of a handicap and the existence of a prima facie case of discrimination for purposes of deciding the summary judgment motion. It found as matter of fact that FedEx's no drug policy was applied equally to handicapped and non-handicapped individuals. The District Court, therefore, properly held as a matter of law that because the no-drug rule had been violated by Plaintiff and because there was no evidence that FedEx did not uniformly apply the no-drug rule to addicts and nonaddicts alike, the discharge was not discriminatory. Due to its finding of "just cause" for the discharge, the District Court found it unnecessary to address whether FedEx could "reasonably accommodate" Plaintiff's handicap.
 
 
 16
 Because it is clear that Plaintiff was discharged for "just cause," that is, failing a drug test, pursuant to a policy that applied equally to handicapped and nonhandicapped persons, we affirm the decision of the District Court.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Under the current law, it is illegal to discriminate against someone because they have undergone or are undergoing treatment for addiction. It is not discrimination to fire or refuse to hire someone who currently uses illegal drugs