985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky SEALS, Plaintiff-Appellant,
v.
J. EDWARDS and E. Pasteur, Defendants-Appellees.
 No. 91-2215.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1993.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ricky Seals, a Michigan prisoner proceeding pro se, appeals the district court's judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. Seeking monetary, declaratory, and injunctive relief, Seals sued two Michigan Department of Corrections employees, alleging that he was improperly found guilty of a minor misconduct violation and placed in "top lock." Over Seal's objections, the district court adopted a magistrate judge's report and recommendation, which, relying on Parratt v. Taylor, 451 U.S. 527 (1981), determined that Seals had failed to state a claim. Upon review, we affirm, although by way of a different analysis than that used by the district court.
 
 I.
 
 2
 Ricky Seals is incarcerated at the State Prison of Southern Michigan (SPSM). On May 13, 1989, Seals was observed and "written-up" by a prison guard for allegedly being out of his cell without proper authorization. Such an infraction constitutes minor misconduct. Seals was given a copy of the write-up. Since Seals did not waive a hearing, he was afforded one on May 27, 1989, before defendant J. Edwards, an assistant resident unit manager.
 
 
 3
 After the hearing, Edwards concluded that Seals was guilty of the charged infraction, and imposed a two-day period of top lock, during which Seals was denied out-of-cell privileges. During the hearing, Seals complained that Edwards had not fully investigated the charge. Although afforded the opportunity to do so, Seals called no witnesses in his behalf.
 
 
 4
 Pursuant to established procedures, Seals appealed, arguing that the guard had wrongly identified him as being out of his cell without authorization, and that Edwards had made an inadequate investigation of the charge. Defendant, E. Pasteur, deputy warden at SPSM, heard the appeal and affirmed.
 
 
 5
 After Pasteur affirmed Edwards' decision, Seals filed a complaint under the Michigan Department of Corrections (MDOC) grievance procedure. In his written grievance Seals stated, inter alia, that "[i]t should be noted that this grievance is not a misconduct appeal, nor does it concern the outcome of such, but rather, it is a complaint against Mr. Edwards, concerning his violations of, and disregard for, the MDOC rules and policies." The "disregard" referenced by Seals was Edwards' alleged failure to investigate the matter as fully as Seals would have liked. In denying Seals' grievance, the grievance board concluded that a proper investigation was conducted prior to Seals being placed in top lock.
 
 
 6
 Seals then appealed that decision to a deputy in the MDOC as well as the director. Both concluded, however, that Edwards had conducted a proper investigation before finding Seals guilty. Upon learning of the denial of his grievance, Seals instituted this action.[1]
 
 II.
 
 7
 In dismissing Seals' action for failure to state a claim, the district court concluded that, if any wrong was done by the defendants, it was the product of random and unauthorized acts, and, as such, under Parratt v. Taylor, 451 U.S. 527 (1981), and its progeny, was not actionable.
 
 
 8
 The grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when there is no set of facts which would entitle the plaintiff to recover. Hammond v. Baldwin, 866 F.2d 172, 175 (6th cir.1989). In dismissing a suit pursuant to Fed.R.Civ.P. 12(b)(6), the district court must construe the complaint in the light most favorable to the plaintiff, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Matters outside the pleadings are not considered, and all well-pleaded facts must be taken as true. Hammon, 866 F.2d at 175. Whether the district court correctly dismissed the suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. G.M. Eng'rs and Ass'n v. West Bloomfield Township, 922 F.2d 328, 330 (6th Cir.1990).
 
 III.
 
 9
 We believe the district court misapplied Parratt. When there is an established state procedure, which is followed, as was here, the fact that one decision maker somewhere in the process allegedly goes astray, does not turn what occurred into a random and unauthorized act. Zinermon v. Burch, 474 U.S. 113, 138 (1989). The district court's analysis, carried to its logical conclusion, would make it impossible for any plaintiff to successfully maintain a due process action under § 1983. Since a plaintiff always alleges some act of wrongdoing, if wrongdoing is made to equate, ipso facto, with random and unauthorized conduct, as the district court ruled, then every plaintiff would be forced to plead himself out of court in an effort to state a claim.
 
 
 10
 That is not the law of this court. The relevant state action in Seals' case was the decision, made after a hearing, to place him in top lock, which was done under established state procedure. Contrary to appellees' assertions, and the district court's holding, the focus is not on the possibly random actions taken in carrying out the state procedures. Watts v. Burkhart, 854 F.2d 839, 843 (6th Cir.1988).
 
 
 11
 We nonetheless conclude that this action was properly dismissed. Seals alleges only that Edwards did not make any investigation of the charge before finding him guilty. Although Seals would freeze the frame on that action only, far more occurred. The process due Seals included the right to appeal Edwards' determination, and Seals afforded himself of that process. Three reviews later, the action of Edwards has been affirmed at all levels. The reviewers said they believed Edwards' version rather than Seals'. Seals offers us nothing beyond his own protestations from which we could conclude that the credibility determination was incorrect.
 
 
 12
 In short, after de novo review, we conclude that Seals received all the process he was due. We do not sit as a super-review board to judge the ultimate outcome of state prisoner complaints. If some type of state process is available and fair, the fact that it may produce a result with which we would disagree is not the stuff of which constitutional violations are made. Seals has had his day(s) in court. We are not an appellate body to which allegedly erroneous state agency decisions may be appealed.
 
 IV.
 
 13
 Accordingly, we AFFIRM the district court's dismissal of Seals' complaint.
 
 
 
 [1]
 There appears to be a final administrative step that Seals did not take. The grievance appeal form allows a final decision by the department to be referred to the Office of Legislative Corrections Ombudsman. Seals did not take advantage of this option