28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy Paul KEENAN, Plaintiff-Appellant,
v.
Genevieve ALLEN, Defendant-Appellee.
 No. 93-2398.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Timothy Paul Keenan, pro se, appeals a district court order dismissing his civil rights complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Keenan filed his complaint pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Keenan sued the defendant, a Resident Unit Manager for the Michigan Department of Corrections, in her individual capacity, alleging that she denied him due process and equal protection during hearings that she conducted on several minor misconduct charges issued against Keenan at the State Prison of Southern Michigan (SPSM). The record reveals that Keenan received punishment of one to three days of top lock for each violation. Specifically, Keenan alleged that he was denied adequate due process protections when he was disciplined at the four misconduct hearings. Keenan argued that the defendant thus denied him liberty interests created under Michigan law and prison policy, which Keenan states require that prison officials afford such protections during the prison hearing process.
 
 
 3
 A magistrate judge first determined that the defendant, who is not an attorney, was not entitled to absolute quasi-judicial immunity, but only qualified immunity. The magistrate judge then concluded that the case should be dismissed because Keenan had failed to allege that his state post-deprivation remedies with respect to the prison hearing procedures were unavailable or inadequate, citing Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The district court adopted the magistrate judge's report over Keenan's objections.
 
 
 4
 This court reviews de novo a district court determination to dismiss a case pursuant to Fed.R.Civ.P. 12(b)(6). Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). This court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. Allard v. Weitzmen (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993).
 
 
 5
 This complaint may not be dismissed under the Parratt doctrine, because, contrary to the district court's conclusions, Keenan is arguing that Allen failed to comply with established state procedure for conducting a proper hearing, rather than acting outside that procedure in a "random and unauthorized" manner. See Zinermon v. Burch, 494 U.S. 113, 136-139 (1990). Because the alleged deprivation was committed pursuant to established state procedures, the Parratt doctrine does not apply to defeat the claim, and the merits of the claim must be addressed. Id. It is immaterial that Keenan alleged that Allen failed to comply with the relevant state procedure. Zinermon, 494 U.S. at 135-36.
 
 
 6
 However, the district court's judgment can be affirmed on other grounds. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993). The documents accompanying the complaint show that Keenan has received all the due process to which he is entitled. In an unpublished order, our court has held that a prisoner who receives a hearing on a minor misconduct charge and who then appeals the decision to a higher level of review has received due process. Seals v. Edwards, No. 91-2215, 1993 WL 5932, at * 2 (6th Cir. Jan. 13, 1993) (per curiam) (unpublished). The prisoner is not entitled to the safeguards found in Wolff v. McDonnell, 418 U.S. 539 (1974); the less stringent requirements of Hewitt v. Helms, 459 U.S. 460, 476 (1983), are all that are required. Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988). Keenan received those safeguards here.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.