## AT&T COMMUNICATIONS of the Southern States, Inc., Plaintiff,

v.

## BELLSOUTH TELECOM-MUNICATIONS, INC., et al., Defendants.

### No. 4:97–CV–262–RH.

United States District Court, N.D. Florida, Tallahassee Division.

Nov. 21, 1997.

Marsha Ellen Rule, Tallahassee, FL, David L Lawson, Sidley & Austin, Washington, DC, Mark K Logan, Paul Race Bradshaw, Smith Ballard Bradshaw etc PA, Tallahassee, FL, for AT & T Communications of the Southern States Inc, plaintiff.

Wesley Robert Parsons, Adorno & Zeder, Miami, FL, William Wallace Deem, Mahoney Adams & Criser, Jacksonville, FL, Sean A Lev, Michael Kellogg, Kellogg Huber Hansen etc, Washington, DC, for BellSouth Telecommunications Inc, defendant.

David E Smith, Public Service Commission, State of Florida, Tallahassee, FL, for

---

**2.** This case involves none of the special state sovereignty issues that precluded plaintiffs from invoking *Ex Parte Young* as a basis to go forward in *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997).

Commissioners of the Florida Public Service Commission, in their official capacity, defendant.

## ORDER DENYING MOTION
## TO DISMISS

HINKLE, District Judge.

This action arises under the Telecommunications Act of 1996, 47 U.S.C. §§ 251–252. Defendants include the five members of the Florida Public Service Commission. They have moved to dismiss the complaint under the Eleventh Amendment of the United States Constitution, arguing that the action is, in substance, an action against the State of Florida itself. Because the longstanding doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), squarely authorizes this action, I deny the motion to dismiss.

### Background—The Statutory Structure

The Telecommunications Act of 1996 ("the Act") requires the incumbent local exchange carrier ("LEC") in any territory to negotiate in good faith with any requesting telecommunications carrier on the terms under which the requesting carrier will be allowed to interconnect with the LEC's facilities and equipment. In effect, the interconnection agreements to be entered pursuant to the Act, together with the related duties created by the Act, would allow competition in the market for local telephone services.

In the event of any disagreement between the requesting carrier and LEC on the terms to be included in such an agreement, the Act provides for binding arbitration before the applicable state regulatory authority. In Florida the applicable regulatory authority is the Florida Public Service Commission ("the Commission").

The Act provides further that any interconnection agreement adopted by negotiation or arbitration must be submitted to the state regulatory authority for approval. 47 U.S.C. § 252(e)(1). The Act provides

standards to be applied and procedures to be followed by the state regulatory authority in determining whether to approve any such agreement. *See, e.g.,* 47 U.S.C. § 252(e)(2) & (4). The Act specifically provides for judicial review of any such state regulatory authority decision:

> In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section.

47 U.S.C. § 252(e)(6).

### Plaintiff's Claims

In this action plaintiff AT & T Communications of the Southern States, Inc. ("AT & T") asserts that it has been aggrieved by a determination of the Florida Public Service Commission under § 252. AT & T seeks review of the Commission's action under § 252(e)(6).

As is undisputed, therefore, this is an action squarely authorized by the plain terms of § 252(e)(6). Indeed, an action such as this is precisely the method Congress provided for an aggrieved party to obtain judicial review of a state regulatory authority determination of this type.[1]

### The Eleventh Amendment

The defendant commissioners assert that the Eleventh Amendment deprives Congress of the authority to do what it did. They are wrong.

 The Eleventh Amendment bars actions in federal court against the states. This bar applies not only to actions against the states by name but extends also to actions against such state entities as the Florida Public Service Commission and to actions seeking damages against state officers in their official capacities. As has

---

1. The commissioners nonetheless assert that this action is barred by the Anti–Injunction Act, 28 U.S.C. § 2283, or the Johnson Act, 28 U.S.C. § 1342. These statutes are inapplica-ble by their terms and, in any event, clearly do not foreclose this action as squarely authorized by Congress in a subsequent, more specific statute.

been clear at least since *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), however, the Eleventh Amendment ordinarily does not bar actions based on the federal Constitution or laws seeking prospective injunctive or declaratory relief against state officers. This is such an action.

In asserting the contrary, the commissioners rely on *Seminole Tribe v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). There the Supreme Court held that, when Congress adopts a specific remedial scheme as part of a federal statute, *Ex Parte Young* does not provide a different judicial remedy, separate and apart from the remedy Congress provided. That holding affects the case at bar not at all; here AT & T seeks not to pursue a remedy different from the one Congress provided, but instead to pursue precisely the remedy Congress provided in clear and unmistakable language.

Telecommunications of the type at issue here are, beyond doubt, part of interstate commerce. Congress has authority to act in this area and has done so.[2] Congress has provided for jurisdiction in federal court to determine the type of controversy here at issue. Nothing in the Eleventh Amendment prevents Congress from taking this approach.

Accordingly,

IT IS ORDERED:

The motion to dismiss (document 5) is DENIED.

---

**2.** This case involves none of the special state sovereignty issues that precluded plaintiffs from invoking *Ex Parte Young* as a basis to go forward in *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997).