US WEST COMMUNICATIONS, INC.,
a Colorado corporation, Plaintiff,

v.

PUBLIC SERVICE COMMISSION OF UTAH; Stephen F. Mecham, Constance B. White, Clark D. Jones, Commissioners of the Public Service Commission of Utah; and Western Wireless Corporation, a Washington corporation, Defendants.

No. 2:97–CV 558.

United States District Court,
D. Utah,
Central Division.

Jan. 23, 1998.

David J. Jordan, Gregory B. Monson, Stoel Rives LLP, Salt Lake City, UT, for plaintiff.

Michael L. Ginsberg, Utah Atty. Gen.'s Office, Salt Lake City, UT, Sander J. Mooy, Public Serv. Com'n, Salt Lake City, UT, for Defendants Stephen F. Mecham, Constance White, Clark Jones, Public Serv. Com'n.

John A. Anderson, Van Cott Bagley Cornwall & McCarthy, Salt Lake City, UT, for Defendant Western Wireless.

## MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS OF PUBLIC SERVICE COMMISSION OF UTAH, STEPHEN F. MECHAM, CONSTANCE B. WHITE, and CLARK D. JONES

KIMBALL, District Judge.

The Public Service Commission of Utah and Commissioners Stephen F. Mecham, Constance White, and Clark D. Jones seek dismissal of the above-referenced action pursuant to Rule 12(b) of the *Federal Rules of Civil Procedure*. The parties have advised the Court that oral argument is unnecessary and have submitted the matter on the briefs. Having reviewed the briefs and the relevant law, the Court enters the following memorandum decision and order.

## I. BACKGROUND

Plaintiff US West Communications, Inc. filed an Amended Complaint challenging determinations made by the Public Service Commission of Utah in approving an interconnection agreement entered into pursuant to the Telecommunications Act of 1996. *Pub.L. 104–104, 110 Stat. 56 (1996)*. The Act was designed to increase competition within the local telephone market and imposes certain competitive obligations on various categories of telecommunications service providers. Among other duties, incumbent local exchange carriers such as U.S. West are required to allow other telecommunications carriers, such as Defendant Western Wireless Corporation, to interconnect with existing local networks and compete for local telephone service. The Act places an affirmative duty upon carriers to negotiate with one another to execute the agreements necessary to fulfill the duties the Act imposes. *47 U.S.C. § 251(c)(1) and 252(a)*. The Act allows either negotiating party to petition the state utilities commission to conduct binding arbitration of disputed issues. *§ 252(b)*. A final agreement, negotiated or arbitrated, must be approved by the state utilities commission prior to implementation by the parties. *§ 252(e)(1)*.

In this case, Western petitioned the Public Service Commission of Utah (referred to, collectively with the individual commissioners, as the "PSC") to conduct such an arbitration proceeding. The PSC ultimately issued an arbitration order approving the interconnection agreement that US West here challenges. Specifically, US West seeks an injunction declaring that two provisions of the interconnection agreement are inconsistent with the Act and beyond the scope of the PSC's authority and enjoining PSC or Western from enforcing it, a declaration that the challenged provisions constitute a taking without just compensation in violation of the Fifth and Fourteenth Amendments, and judgment against Western equal to the amount of payments made to Western pursuant to the challenged provisions, plus costs and attorney's fees. The PSC moves to dismiss US West's Amended Complaint, arguing that the Commissioners are immune from suit under the Eleventh Amendment, that US West's claims against the PSC are precluded by the Eleventh Amendment, and that the relief requested by US West is barred by the Johnson Act, 28 U.S.C. § 1342.

The PSC concedes that the granting of its motion to dismiss would not entirely dismiss this action because the Commissioners have stipulated that this Court has jurisdiction over the Commission, pursuant to 47 U.S.C. § 252(e)(6), to review whether the arbitration order meets the requirements of 47 U.S.C. § 251–52.

## II. DISCUSSION

### A. Eleventh Amendment Immunity.

■ The PSC first argues that the Eleventh Amendment precludes this Court's jurisdiction over the individual Commissioners. The Eleventh Amendment grants states sovereign immunity from suit in federal court by citizens of the state being sued. *Hans v. State of Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). State immunity extends to state agencies, such as the PSC, and state officials, such as the Commissioners, who act on behalf of the state and can therefore assert the state's sovereign immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–46, 113 S.Ct. 684, 686–89, 121 L.Ed.2d 605 (1993). However, there are exceptions to Eleventh Amendment immunity, two of which apply here.

Exception One: *Ex Parte Young.*

■ The Eleventh Amendment does not bar a suit for prospective injunctive relief against state officers acting in violation of federal law. This is the teaching of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In naming the individual Commissioners and seeking a declaratory judgment reviewing the arbitration order and an injunction enjoining enforcement of the allegedly deficient agreement, this Court finds that the Amended Complaint states a prefatory claim under *Ex parte Young.*

This conclusion is not changed by any of the reasons advanced by the PSC. The PSC first argues that U.S. West's complaint is really a suit against the state. If accepted, the PSC's argument would eviscerate the *Ex parte Young* exception because, in a sense, a lawsuit challenging the actions of state officials is always a suit against the state. The argument, however, completely fails to appreciate the theory that serves as the justification for the *Ex parte Young* exception—

when an official acts in violation of federal law, that official "is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The state has no power to impart to him any immunity from responsibility to the supreme authority of the United States." *Ex parte Young*, 209 U.S. at 159, 28 S.Ct. at 454.

The PSC argues next that because the Commissioners cannot act individually, a suit against them is actually a suit against the state. Again, this is the argument that the Supreme Court explicitly rejected in *Ex parte Young*. While the *Ex parte Young* doctrine may be a fiction, it is no less the law.

The PSC argues thirdly that U.S. West's request for an award of costs and attorney's fees is relief barred under *Ex parte Young*. However, U.S. West seeks only an injunction prohibiting the Commissioners from taking any action in the future to enforce the agreement or otherwise place it into effect. US West has stipulated that it is not seeking any monetary award from the Commissioners.

■ Finally, the PSC argues that the Commissioners' stipulation to review under 47 U.S.C. § 252(e)(6) makes determination of the applicability of *Ex parte Young* an unnecessary exercise. US West correctly asserts that it is entitled to have its statutory and constitutional rights protected under all available jurisdictional bases. Accordingly, the stipulation does not obviate the need to preserve jurisdiction over the Commissioners.

Exception Two: Waiver.

■ The Eleventh Amendment does not bar suit against a state that has waived its sovereign immunity. A state may waive its immunity to suit in the context of a particular federal program. When Congress clearly intends to condition state participation in a particular program or activity upon the state's consent to federal judicial review, a state waives its immunity by electing to participate. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n. 1, 105 S.Ct. 3142, 3145 n. 1, 87 L.Ed.2d 171 (1985).

■ Under the Act, state commissions are given a choice whether to participate in the

arbitration of interconnection agreements; they may conduct arbitrations under § 252 or they may choose not to participate and leave the process to the Federal Communications Commission. *47 U.S.C. § 252(e)(5).* The Act specifically provides for federal judicial review:

> In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 [47 U.S.C. § 251] and this section [47 U.S.C. § 252].

*47 U.S.C. § 252(e)(6).* Review in state court is specifically precluded. *47 U.S.C. § 252(e)(4).* Considered together, these provisions evince a clear Congressional intention to condition regulation by a state commission upon review of that commission's actions in federal court. This has been the conclusion of each of the federal district courts that has to date been faced with this issue. *See, e.g., U.S. West Communications v. TCG Seattle,* 971 F.Supp. 1365, 1370 (W.D.Wash.1997) *("The implication that Congress conditioned state participation in the interconnection agreement process on waiver could hardly be clearer.").* This Court agrees and holds that when the PSC exercised its option to regulate pursuant to the Act, the PSC affirmatively waived its Eleventh Amendment immunity and consented to federal review.

### B. Johnson Act.

The PSC also argues the U.S. West's claims are barred by the Johnson Act. The Johnson Act provides in full as follows:

> The district court shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a state administrative agency or rate-making body of a State political subdivision, where:
>
> (1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
>
> (2) The order does not interfere with interstate commerce; and,
>
> (3) The order has been made after reasonable notice and hearing; and,
>
> (4) A plain, speedy and efficient remedy may be had in the courts of such state.

*28 U.S.C. § 1342.* The Johnson Act applies to deprive a federal court of jurisdiction to review PSC orders only when all four of its conditions are met. *Hawaiian Tel. Co. v. Public Util. Comm'n,* 827 F.2d 1264, 1273 (9th Cir.1987), *cert. denied,* 487 U.S. 1218, 108 S.Ct. 2870, 101 L.Ed.2d 906 (1988).

■ Assuming without deciding that U.S. West's·complaint concerns rate making, the Johnson Act does not serve as a bar because two of its four necessary conditions cannot be met. First, the Johnson Act applies to preclude jurisdiction only when "[j]urisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution." *28 U.S.C. § 1342(1).* US West's challenge to the arbitration order is based not only on the Federal Constitution, but on provisions of the Act as well. Second, the Johnson Act applies only if U.S. West has "a plain, speedy and efficient remedy ... in the [Utah] courts." *28 U.S.C. § 1342(4).* As noted above, however, the Act explicitly bars state courts from determining whether interconnection agreements comply with the Act. *See 47 U.S.C. § 252(e)(4).* Because the Johnson Act conditions are not satisfied, this Court is not barred from exercising jurisdiction over the proceedings.

### III. CONCLUSION

For the reasons set forth above, the PSC's Motion to Dismiss is denied.